BEBOUT, Respondent, v. PENSE et ux., Appellants.

(150 N. W. 289.)

(File No. 3675.   Opinion filed December 31, 1914.)

1. **Husband and Wife—Torts of Wife—Common Law Liability.**

   Husband and wife are jointly liable, at common law, for torts of the wife committed in husband's absence and without his knowledge, or where committed under his direction; and where he is present, if the wife acted of her own volition; but, where he is present and she acted by his command or encouragement, the husband alone is liable.

2. **Husband and Wife—Liability for Their Own Acts—Statute.**

   Civ. Code, Sec. 102, providing that neither husband nor wife, as such, is answerable for acts of the other, abrogates the common-law presumption of coercion by husband, arising from coverture, and deprives wife of shield of coverture, but does not relieve them of their liability as individuals for their own acts; and, where one commits a tort at the command or instigation of the other, both are liable jointly.

3. **Libel and Slander—Husband and Wife—Words of One at Instigation of Other—Joint Liability—One Slander, or Two?**

   Where slanderous words are uttered by two parties, but without concert of action, the slanderous words of each is a separate slander, resulting in liability of each for his own words; while the utterance of a slander by one, (as, the wife) at the instiga-

tion or direction of another (as, the husband,) constitutes but one slander, for which both are liable.

Appeal from County Court, Gregory County. Hon. CHARLES A. DAVIS, Judge.

Action for slander by F. C. Bebout against E. E. Pense and wife. From an order overruling a demurrer to the amended complaint, defendant appeals. Affirmed.

*Edwin M. Starcher,* for Appellant.

*W. J. Hooper,* for Respondent.

(1) Under point one of the opinion, Appellant cited: Newell on Slander & Libel (2d Ed.) Sec. 42; Sec. 102 Civ. Code; Curtis vs. Dinneen, 4 Dak. 245.

Respondent cited: Newell on Slander and Libel, Second Edition, p. 376; Du Quesne Distributing Co. v. Greenbaum et al., 120 S. W. 1026, 24 L. R. A. (N. S.) 955.

(2) Under point two of the opinion, Appellant cited: People v. Miller, 22 Pac. (Cal.) 934; 8 Cyc. p. 621, note 4; Commonwealth v. Wood, 97 Mass. 228; Strouse v. Leipf, 23 L. R. A. 622; 15 American & Eng. Ency. of Law (2d Ed.) p. 895.

Respondent cited: 30 Cyc. 122; Dicey, parties, 432.

POLLEY, J. This is an appeal from the county court of Gregory county. The deefndants are husband and wife, and plaintiff's cause of action is stated in his amended complaint as follows:

"That on the 22d day of August, 1911, at Gregory county, South Dakota, the said defendant, Emma Pense, in the presence of, by authority of, and under the direction of her said husband, the said E. E. Pense, in the presence and hearing of Edith Bebout and one Rogers, and a number of other persons, maliciously spoke concerning the plaintiff the following and defamatory words, to-wit: 'That you (meaning plaintiff) stole and branded a heifer belonging to them (the defendants); that you (meaning the plaintiff) sold cattle to a butcher in Bonesteel last year and three of them got out and came back home (meaning to the plaintiff's premises); and that you (meaning the plaintiff) shipped those cattle.'"

The defendants jointly demurred to the amended complaint, upon the ground:

First, "that said amended complaint fails to state facts suf-

ficient to constitute a cause of action." And, second, "that several causes of action have been improperly united in said amended complaint, in this: That the said complaint alleges a separate and distinct cause of action against each defendant."

The demurrer was overruled, and defendants appeal from the order overruling the same.

This cause has been before this court on an appeal from an order overruling the demurrer to the original complaint. 31 S. D. 619, 141 N. W. 515. On that appeal it was held that the demurrer should have been sustained; but, in the original complaint, defendants were jointly charged with uttering the slanderous words complained of without charging any conspiracy or concert of action on the part of the defendants; nor does it appear from the record on the former appeal that defendants were husband and wife or otherwise related to each other. Upon this state of facts, this court held that the action could not be maintained against the defendants jointly unless the slanderous words were uttered as the result of a conspiracy. But the the amended complaint presents an entirely different case. From this it appears not only that the defendants are husband and wife, but that the slanderous words were uttered by the wife in the presence of, by the authority of, and under the direction of, her husband.

[1, 2] In the note to Morgan v. Kennedy, 30 L. R. A. 521, the rule at common law, applicable to torts committed by a married woman, is stated as follows: Where the husband is absent and has no knowledge of the intended act; where the husband is absent, but where the tort is committed under his direction and instigation; and where the husband is present, but the wife acts of her own volition—they are jointly liable. · But where the tort is committed in the company of the husband, and by his command or encouragement, the husband alone is liable. Under this rule, the husband alone, in this case, would be liable.. But it is contended by the appellant that the common-law rule has been abrogated by the statute in this state, and that the husband is no longer liable for the acts of the wife. This contention is based upon the provisions of section 102, Civil Code, which reads as follows: "Neither husband nor wife, as such, is answerable for the acts of the other." The language of this section is broad.

enough, in terms, to relieve a husband or wife, as such, of all liability for the acts, of whatever kind, of the other. So far as the husband's liablility for the acts of his wife is concerned, it places them in the position of persons who are not related at all. But, while it relieves them as husband and wife of liability for the acts of each other, it does not purport to relieve them as individuals; nor does it in any wise modify the provisions of sections 20-24 of the Penal Code relative to criminal acts. It abrogates the common-law presumption of coercion, on the part of the husband, arising from coverture; but it also deprives the wife of the shield of coverture. This leaves them, so far as their torts are concerned, as though they were not related at all, and the rule applies that applies to tort-feasers geenrally, to-wit, that, where one person commits a tort at the command or instigation of another, both are liable jointly. This view seems to be strengthened when section 102, Civil Code, is read in connection with other sections thereof relating to the rights of married women, and especially section 105.

[3] This does not conflict with the rule that, where slanderous words are utterd by two parties but without concert of action, the words of each constitute a separate slander, and each is liable for his own words. In such cases, recovery must be had against each separately. Nor does this case come within the recognized rule, as announced in Duquesne Distributing Co. v. Greenbaum, 135 Ky. 182, 121 S. W. 1026, 24 L. R. A. (N. S.) 995, 21 Ann. Cas. 481, that a master, including a corporation or copartnership, may be liable for the slanderous utterances of his servants or agents when such utterances were authorized or directed before spoken, or ratified after spoken. Where the slanderous words are uttered by one person (as in this case) at the instigation or direction of another, there is but one slander, for which they are jointly liable.

The order appealed from is affirmed.